**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OAKLEY, INC., | Case No. 18-cv-07530 |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| ZAPALS CORP. LTD., | |
| Defendant. | |

**COMPLAINT**

Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") hereby brings the present action against Defendant Zapals Corp. Ltd. ("Zapals" or "Defendant") and alleges as follows:

**I. INTRODUCTION**

1. This action has been filed by Plaintiff to address Defendant's selling and offering for sale of sunglasses featuring Plaintiff's patented designs, and infringements and counterfeits of Plaintiff's Oakley trademarks (the "Infringing Products") through Defendant's websites at Zapals.com and Zapalstyle.com. Plaintiff seeks to address Defendant's counterfeiting and infringing of its registered trademarks, and its patented designs, as well as to protect unknowing consumers from purchasing low-quality Infringing Products over the Internet from China. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and infringement of its patented designs as a result of Defendant's actions and seeks injunctive and monetary relief.

**II. JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Patent Act, 35 U.S.C.

§ 1, *et seq*., 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction since Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least its websites Zapals.com and Zapalstyle.com. Specifically, Defendant is reaching out to do business with and targeting Illinois residents by operating multiple websites through which Illinois residents can purchase products using counterfeit versions of Plaintiff's trademarks and infringements of Plaintiff's patented designs. Defendant's websites offer global shipping, including to the United States and Illinois, and, on information and belief, have sold products using counterfeit versions of Plaintiff's trademarks and infringements of Plaintiff's patented designs to the United States. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the United States and the State of Illinois.

## III. THE PARTIES

**Plaintiff Oakley**

4.      Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.      Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Oakley

Products have become enormously popular and even iconic, driven by Oakley's arduous quality standards and innovative design. Among the purchasing public, genuine Oakley Products are instantly recognizable as such. In the United States and around the world, the Oakley brand has come to symbolize high quality, and Oakley Products are among the most recognizable eyewear, headwear, footwear, outerwear, jackets and apparel in the world.

6. Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official Oakley.com website which was launched in 1995, and Oakley O Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

7. Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products. As a result of its long-standing use, Oakley owns common law trademark rights in its trademarks. Oakley has also registered its trademarks with the United States Patent and Trademark Office. Oakley Products typically include at least one of Oakley's registered trademarks. Oakley uses its trademarks in connection with the marketing of its Oakley Products, including, but not limited to, the following marks which are collectively referred to as the "Oakley Trademarks."

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,521,599 | OAKLEY | For: Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces, in class 9. |
| 1,541,380 | PLUTONITE | For: Lenses for sunglasses, in class 9. |
| 1,980,039 |  | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or |

3

| | | |
|---|---|---|
| | | anti-glare eyewear and their parts and accessories, in class 9. |
| 1,984,501 |  | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories, in class 9. |
| 3,379,110 | RADAR | For: Protective eyewear, namely, spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories, in class 9. |
| 4,827,569 | JAWBREAKER | For: Eyewear, namely, sunglasses, goggles, spectacles and their parts and accessories, namely, replacement lenses, ear stems, frames, nose pieces and foam strips; cases specifically adapted for eyewear and their parts and accessories, in class 9. |

8.    The above registrations for the Oakley Trademarks are valid, subsisting, in full force and effect, and most are incontestable pursuant to 15 U.S.C. § 1065.[1]   The Oakley Trademarks have been used exclusively and continuously by Oakley for many years, and have never been abandoned.  Attached hereto as **Exhibit 1** are true and correct copies of the United States Registration Certificates for the Oakley Trademarks included in the above table. Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Oakley Trademarks are conclusive evidence of the validity of the Oakley Trademarks and of the

---

[1] Only Reg. No. 4,827,569 for "JAWBREAKER" is not incontestable under 15 U.S.C. § 1065.

registration of the Oakley Trademarks, of Oakley's ownership of the Oakley Trademarks, and of Oakley's exclusive right to use the Oakley Trademarks in commerce. 15 U.S.C. §§ 1115(b), 1065.

9.        The Oakley Trademarks are exclusive to Oakley, and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials. Oakley Products have long been among the most popular eyewear in the world and have been extensively promoted and advertised at great expense. In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring its trademarks, including the Oakley Trademarks. Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and are renowned as desired luxury items. Because of these and other factors, the Oakley name and the Oakley Trademarks have become famous throughout the United States.

10.        The Oakley Trademarks are distinctive when applied to the Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards. Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing its trademarks are manufactured to the highest quality standards. The Oakley Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the Oakley Trademarks is of incalculable and inestimable value to Oakley.

11.        Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at Oakley.com. Sales of Oakley Products via the Oakley.com website represent a significant portion of Oakley's business. The Oakley.com website features proprietary content, images and designs exclusive to Oakley.

12.     Oakley's innovative marketing and product designs have enabled Oakley to achieve widespread recognition and fame and have made the Oakley Trademarks some of the most well-known marks in the eyewear and apparel industry.  The widespread fame, outstanding reputation, and significant goodwill associated with the Oakley brand have made the Oakley Trademarks valuable assets of Oakley.

13.     Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Oakley Trademarks.  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley.  Oakley is a multi-million dollar operation, and Oakley Products have become among the most popular of their kind in the world.

14.     In addition to Oakley's valuable trademarks, Oakley Products are further known for their distinctive patented designs.  Like the Oakley Trademarks, these designs are broadly recognized by consumers.  Sunglasses fashioned after these designs are associated with the quality and innovation that the public has come to expect from Oakley Products.  Oakley uses these designs in connection with the marketing of its Oakley Products, including, but not limited to, the following patented designs, herein referred to as the "Oakley Designs."

| Patent Number | Claim | Issue Date |
|---|---|---|
| D568,918 |  | May 13, 2008 |
| D581,443 |  | November 25, 2008 |

| | | |
|---|---|---|
| D581,444 |  | November 25, 2008 |
| D640,727 |  | June 28, 2011 |
| D646,708 |  | October 11, 2011 |
| D719,209 |  | December 9, 2014 |
| D725,695 |  | March 31, 2015 |
| D725,696 |  | March 31, 2015 |
| D728,002 |  | April 28, 2015 |
| D746,355 |  | December 29, 2015 |

| D746,368 |  | December 29, 2015 |
|----------|-----|-------------------|

15.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D568,918 ("the '918 Patent"). The '918 Patent was lawfully issued on May 13, 2008 with named inventor Peter Yee.

16.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D581,443 ("the '443 Patent"). The '443 Patent was lawfully issued on November 25, 2008 with named inventors James H. Jannard, Lek Thixton, Colin Baden, and Peter Yee.

17.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D581,444 ("the '444 Patent"). The '444 Patent was lawfully issued on November 25, 2008 with named inventors James H. Jannard, Lek Thixton, Colin Baden, and Peter Yee.

18.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D640,727 ("the '727 Patent"). The '727 Patent was lawfully issued on June 28, 2011 with named inventors of Hans Karsten Moritz and Colin Baden.

19.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D646,708 ("the '708 Patent"). The '708 Patent was lawfully issued on October 11, 2011 with named inventors of Hans Karsten Moritz and Colin Baden.

20.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D719,209 ("the '209 Patent"). The '209 Patent was lawfully issued on December 9, 2014 with a named inventor of Nicolas Adolfo Garfias.

21.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D725,695 ("the '695 Patent"). The '695 Patent was lawfully issued on March 31, 2015 with a named inventor of Nicolas Adolfo Garfias.

22.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D725,696 ("the '696 Patent"). The '696 Patent was lawfully issued on March 31, 2015 with a named inventor of Nicholas Adolfo Garfias.

23.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D728,002 ("the '002 Patent"). The '002 Patent was lawfully issued on April 28, 2015 with a named inventor of Kyusik Uhm.

24.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D746,355 ("the '355 Patent"). The '355 Patent was lawfully issued on December 29, 2015 with a named inventor of Kyusik Uhm.

25.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D746,368 ("the '368 Patent"). The '368 Patent was lawfully issued on December 29, 2015 with a named inventor of Kyusik Uhm.

26.     Attached hereto as **Exhibit 2** are true and correct copies of the '918 Patent, the '443 Patent, the '444 Patent, the '727 Patent, the '708 Patent, the '209 Patent, the '695 Patent, the '696 Patent, the '002 Patent, the '355 Patent, and the '368 Patent.

27.     Plaintiff has not granted a license or any other form of permission to Defendant with respect to: the Oakley Trademarks, the design protected by the '918 Patent, the design protected by the '443 Patent, the design protected by the '444 Patent, the design protected by the '727 Patent, the design protected by the '708 Patent, the design protected by the '209 Patent, the design protected by the '695 Patent, the design protected by the '696 Patent, the design protected

9

by the '002 Patent, the design protected by the '355 Patent, or the design protected by the '368 Patent.

**Defendant Zapals**

28.     Upon information and belief, Defendant Zapals Corp. Ltd. is a corporation organized and existing under the laws of Hong Kong, and headquartered at Suites 1501 03 15F, Far East Consortium Building, 121 Des Voeux Road, Central Hong Kong.

29.     Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of the fully interactive, commercial websites at Zapals.com and Zapalstyle.com. Defendant targets the United States, including Illinois residents, and has offered to sell, and has sold, Infringing Products to consumers within the State of Illinois through the Zapals.com and Zapalstyle.com websites.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

30.     Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its websites at Zapals.com and Zapalstyle.com bearing at least one logo, source-identifying indicia and design elements, that are studied imitations, infringements, and/or counterfeits of the Oakley Trademarks (previously defined as the "Infringing Products").

31.     Defendant is involved in the importation, offering for sale, and/or sale of sunglasses that infringe the Oakley Designs (previously defined as the "Infringing Products").

32.     Plaintiff's investigator visited Defendant's websites at Zapals.com and Zapalstyle.com and purchased Infringing Products.

33.     The purchased Infringing Products were shipped to the State of Illinois.

34.     The purchased Infringing Products were inspected and it was determined that the purchased Infringing Products infringed the Oakley Trademarks and/or the Oakley Designs.

35.     A comparison of the Oakley Trademarks to Defendant's Infringing Products exemplifies Defendant's infringement of U.S. Trademark Registration No. 1,521,599 for an "OAKLEY" word mark owned by Oakley, U.S. Trademark Registration No. 1,541,380 for a "PLUTONITE" word mark owned by Oakley, U.S. Trademark Registration No. 1,980,039 for a stylized "OAKLEY" design mark owned by Oakley, U.S. Trademark Registration No. 1,984,501 for a stylized "O" design mark owned by Oakley, U.S. Trademark Registration No. 3,379,110 for a "RADAR" word mark owned by Oakley, and U.S. Trademark Registration No. 4,827,569 for a "JAWBREAKER" word mark owned by Oakley.

| Oakley Trademarks | Defendant's Infringing Products |
|---|---|
| OAKLEY<br>(Reg. No. 1,521,599)<br><br><br><br>(Reg. No. 1,984,501) |  |
| PLUTONITE<br>(Reg. No. 1,541,380) |  |
| OAKLEY<br>(Reg. No. 1,521,599)<br><br><br><br>(Reg. No. 1,980,039) |  |



(Reg. No. 1,984,501)

OAKLEY
(Reg. No. 1,521,599)

(Reg. No. 1,980,039)

(Reg. No. 1,984,501)

| | |
|---|---|
| **RADAR**<br>(Reg. No. 3,379,110) |  |
| **JAWBREAKER**<br>(Reg. No. 4,827,569) |  |
| <br>(Reg. No. 1,984,501)<br><br>**JAWBREAKER**<br>(Reg. No. 4,827,569) |  |

14

36.     Upon information and belief, Defendant is well aware of the extraordinary fame and strength of the Oakley Trademarks and the goodwill associated therewith.

37.     Defendant, without any authorization, license, or other permission from Plaintiff, has used the Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products into the United States and Illinois over the Internet.

38.     Defendant's use of infringements and/or counterfeits of the Oakley Trademarks in the advertisement, distribution, offering for sale, and sale of the Infringing Products was willful.

39.     Defendant's willful use of infringements and/or counterfeits of the Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products, including the sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Oakley.

40.     A comparison of Oakley's claim in the '918 Patent with an Infringing Product offered for sale and sold on Zapalstyle.com exemplifies Defendant's infringement of United States Design Patent No. D568,918 owned by Oakley.



As shown offered for sale on Zapalstyle.com



| | Received product purchased from Zapalstyle.com |
|---|---|
| **Oakley's '918 Design Claim** | **Defendant's Infringing Product** |

41.    A comparison of Oakley's claim in the '443 Patent with an Infringing Product offered for sale and sold on Zapals.com exemplifies Defendant's infringement of United States Design Patent No. D581,443 owned by Oakley.



As shown offered for sale on Zapals.com

16

| | Received product purchased from Zapals.com |
|---|---|
| **Oakley's '443 Design Claim** | **Defendant's Infringing Product** |

42.    A comparison of Oakley's claim in the '444 Patent with an Infringing Product offered for sale and sold on Zapals.com exemplifies Defendant's infringement of United States Design Patent No. D581,444 owned by Oakley.



| Oakley's '444 Design Claim | As shown offered for sale on Zapals.com |
|---|---|
| | Received product purchased from Zapals.com |
| **Oakley's '444 Design Claim** | **Defendant's Infringing Product** |

17

43.     A comparison of Oakley's claim in the '727 Patent with an Infringing Product offered for sale and sold on Zapals.com exemplifies Defendant's infringement of United States Design Patent No. D640,727 owned by Oakley.



| Oakley's '727 Design Claim | Defendant's Infringing Product |
|---|---|

As shown offered for sale on Zapals.com

Received product purchased from Zapals.com

44.    A comparison of Oakley's claim in the '708 Patent with an Infringing Product offered for sale and sold on Zapals.com exemplifies Defendant's infringement of United States Design Patent No. D646,708 owned by Oakley.



| Oakley's '708 Design Claim | Defendant's Infringing Product |
|---|---|

As shown offered for sale on Zapals.com

Received product purchased from Zapals.com

45.    A comparison of Oakley's claim in the '209 Patent with an Infringing Product offered for sale and sold on Zapals.com exemplifies Defendant's infringement of United States Design Patent No. D719,209 owned by Oakley.



| Oakley's '209 Design Claim | Defendant's Infringing Product |
|---|---|
| | As shown offered for sale on Zapals.com |
| | Received product purchased from Zapals.com |

46.     A comparison of Oakley's claim in the '695 Patent with an Infringing Product offered for sale and sold on Zapalstyle.com exemplifies Defendant's infringement of United States Design Patent No. D725,695 owned by Oakley.



| Oakley's '695 Design Claim | Defendant's Infringing Product |
|---|---|

As shown offered for sale on Zapalstyle.com

Received product purchased from Zapalstyle.com

47.     A comparison of Oakley's claim in the '696 Patent with an Infringing Product offered for sale and sold on Zapalstyle.com exemplifies Defendant's infringement of United States Design Patent No. D725,696 owned by Oakley.



| Oakley's '696 Design Claim | Defendant's Infringing Product |
|---|---|

48.     A comparison of Oakley's claim in the '002 Patent with an Infringing Product offered for sale and sold on Zapalstyle.com exemplifies Defendant's infringement of United States Design Patent No. D728,002 owned by Oakley.



| Oakley's '002 Design Claim | Defendant's Infringing Product |

As shown offered for sale on Zapalstyle.com

Received product purchased from Zapalstyle.com

49.    A comparison of Oakley's claim in the '355 Patent with an Infringing Product offered for sale and sold on Zapalstyle.com exemplifies Defendant's infringement of United States Design Patent No. D746,355 owned by Oakley.



As shown offered for sale on Zapalstyle.com

Received product purchased from
Zapalstyle.com

| Oakley's '355 Design Claim | Defendant's Infringing Product |

50.    A comparison of Oakley's claim in the '368 Patent with an Infringing Product offered for sale and sold on Zapals.com exemplifies Defendant's infringement of United States Design Patent No. D746,368 owned by Oakley.



| Oakley's '368 Design Claim | Defendant's Infringing Product |

As shown offered for sale on Zapals.com

Received product purchased from Zapals.com

51.     Upon information and belief, Defendant is well aware of the extraordinary fame of the Oakley Designs and the high-quality products associated therewith.

52.     Defendant, without any authorization, license, or other permission from Oakley, has used the Oakley Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products into the United States and Illinois.

53.     Defendant's use of infringements of the Oakley Designs in the making, using, offering to sell, selling, or importing of the Infringing Products was willful.

54.     Defendant's willful use of infringements of the Oakley Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products, including the sale of Infringing Products into Illinois, is irreparably harming Oakley.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

55.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

56.     This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered Oakley Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  Plaintiff's Oakley Trademarks are highly distinctive marks.  Consumers have come to expect the highest quality from Plaintiff's Oakley Products sold or marketed under the Oakley Trademarks.

57.     Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeits of Plaintiff's Oakley Trademarks without Plaintiff's permission.

26

58.     Plaintiff is the exclusive owner of the Oakley Trademarks.  Plaintiff's United States Registrations for the Oakley Trademarks (**Exhibit 1**) are in full force and effect.  Upon information and belief, Defendant has knowledge of Plaintiff's rights in the Oakley Trademarks and is willfully infringing and intentionally using counterfeits of Plaintiff's Oakley Trademarks.  Defendant's willful, intentional and unauthorized use of Plaintiff's Oakley Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

59.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the OAKLEY® brand.

61.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

62.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

63.     Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff.

27

64.     By using Plaintiff's Oakley Trademarks on the Infringing Products, Defendant created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

65.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

66.     Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the OAKLEY® brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

67.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

68.     Defendant has engaged in acts violating Illinois law including, but not limited to, passing off its Infringing Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Oakley Products, representing that its Infringing Products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

69.     The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

70.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill associated therewith.  Unless enjoined by

the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

**COUNT IV**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D568,918**
**(35 U.S.C. § 271)**

71.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

72.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '918 Patent.

73.     Defendant has infringed the '918 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

74.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT V**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D581,443**
**(35 U.S.C. § 271)**

75.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

76.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '443 Patent.

77.     Defendant has infringed the '443 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

78.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT VI
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D581,444
## (35 U.S.C. § 271)

79.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

80.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '444 Patent.

81.     Defendant has infringed the '444 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

82.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT VII**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D640,727**
**(35 U.S.C. § 271)**

83.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

84.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '727 Patent.

85.     Defendant has infringed the '727 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

86.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT VIII**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D646,708**
**(35 U.S.C. § 271)**

87.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

88.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '708 Patent.

89.     Defendant has infringed the '708 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

90.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT IX
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D719,209
### (35 U.S.C. § 271)

91.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

92.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '209 Patent.

93.     Defendant has infringed the '209 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

94.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT X**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D725,695**
**(35 U.S.C. § 271)**

95.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

96.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '695 Patent.

97.     Defendant has infringed the '695 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

98.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT XI**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D725,696**
**(35 U.S.C. § 271)**

99.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

100.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '696 Patent.

101.    Defendant has infringed the '696 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

102.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

### COUNT XII
### INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D728,002
### (35 U.S.C. § 271)

103.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

104.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '002 Patent.

105.    Defendant has infringed the '002 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

106.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT XIII**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D746,355**
**(35 U.S.C. § 271)**

107.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

108.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '355 Patent.

109.    Defendant has infringed the '355 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

110.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT XIV**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D746,368**
**(35 U.S.C. § 271)**

111.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35

112. Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '368 Patent.

113. Defendant has infringed the '368 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

114. Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily and permanently enjoined and restrained from:

   a. using Plaintiff's Oakley Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Oakley Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's Oakley Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley Product or any other product produced by Plaintiff, that is not Plaintiff's or not

36

produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Oakley Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's Oakley Trademarks and damaging Plaintiff's goodwill;

e. making, using, offering to sell, selling, or importing any products not authorized by Oakley and that include any reproduction, copy or colorable imitation of the designs claimed in any of Oakley's '918, '443, '444, '727, '708, '209, '695, '696, '002, '355 and '368 Patents;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Oakley Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon Plaintiff's Trademarks, or any of Oakley's '918, '443, '444, '727, '708, '209, '695, '696, '002, '355 and '368 Patents; and

h. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (g).

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath

setting forth in detail the manner in which Defendant has complied with paragraph 1, a through h, supra;

3)  That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiff's Oakley Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4)  That Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000 (two million dollars) for each and every use of Plaintiff's Oakley Trademarks;

5)  Awarding Oakley such damages as it shall prove at trial against Defendant that are adequate to compensate Oakley for infringement of Oakley's '918, '443, '444, '727, '708, '209, '695, '696, '002, '355 and '368 Patents, and all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's unauthorized use and infringement of Oakley's '918, '443, '444, '727, '708, '209, '695, '696, '002, '355 and '368 Patents;

6)  That Oakley be awarded from Defendant, as a result of Defendant's use of the Oakley Designs, three times Oakley's damages therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 35 U.S.C. § 284;

7)  That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8)  Award any and all other relief that this Court deems just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated this 14th day of November 2018.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiff Oakley, Inc.*